**JIN XIANG KE, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

No. 05–3194–ag.

United States Court of Appeals, Second Circuit.

Aug. 15, 2006.

Karen Jaffe, New York, NY, for Petitioner.

Jesse M. Barrett, Assistant United States Attorney, South Bend, IN, for Respondent.

PRESENT: DENNIS JACOBS, ROBERT D. SACK and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Jin Xiang Ke, through counsel, petitions for review of the May 2005 order affirming Immigration Judge ("IJ") Alan A. Vomacka's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

As a preliminary matter, the IJ reasonably declined to admit Ke's proffered documentation as evidence. At an October 2002 hearing, the IJ clearly warned Ke that he needed to file any additional documents in his case thirty days prior to his final hearing in March 2003. The IJ specifically stated that if Ke filed documents "shortly before the hearing," he would "probably [ ] not rely on them as evidence." Nonetheless, at the final hearing, Ke's attorney submitted additional documents to the IJ and attempted to request a continuance in order to prepare further documents for the court. The IJ considered Ke's explanations for submitting the documents late, and provided ample reasoning for finding that Ke did not show that the late filing was justified, particularly when many of the documents were issued well before the deadline. The IJ's decision to mark Ke's documents for identification only was well within his authority to control the time limits for the filing of documents. 8 C.F.R. § 1003.31(c).

Because Ke fails to meaningfully challenge the IJ's adverse credibility finding or the denial of his CAT claim in his brief to the Court, any challenge to the IJ's resolution of these issues is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005). Even if Ke had adequately challenged the IJ's adverse credibility determination, substantial evidence supports the IJ's decision.

While the record reveals that the IJ at times engaged in speculation, the material, substantial implausibilities and inconsistencies identified in the record, in combination with more minor discrepancies, amount to substantial evidence to support the IJ's adverse credibility finding, and it is clear that the IJ would reach the same decision based only on these points. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 162 (2d Cir.2006); *see also Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006) (finding that the cumulative effect of discrepancies that concern matters collateral or ancillary to a claim may nevertheless be deemed consequential by the fact-finder). Given that the only evidence of a threat to Ke's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on Ke's claims for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DE-

NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).